64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Lee GANT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1152.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1995.
 
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Jerry Lee Gant, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1988, a jury convicted Gant of conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced to 360 months of imprisonment. A panel of this court affirmed Gant's conviction on appeal. United States v. Chambers, 944 F.2d 1253 (6th Cir.1991), cert. denied, 502 U.S. 1112 (1992).
 
 
 3
 In September 1992, Gant filed a previous motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255, arguing that his trial and appellate counsel rendered ineffective assistance because they did not argue that the sentencing guidelines did not apply to his case as he was incarcerated prior to November 1, 1987, the effective date of the guidelines. The district court denied the motion as without merit. This court dismissed an appeal for lack of jurisdiction on May 6, 1994. Gant v. United States, No. 94-1328 (6th Cir. May 6, 1994).
 
 
 4
 In his current motion to vacate, Gant argued that: 1) the district court erred in calculating his base offense level at sentencing because it assigned to him a greater amount of drugs than the evidence warranted; 2) Fed.R.Crim.P. 32 requires a correction of his sentence; and 3) counsel rendered ineffective assistance regarding the calculation of the amount of drugs. Upon review, the district court denied the motion as an abuse of the writ. Gant has filed a timely appeal, reasserting his same claims and raising two new issues: (4) that he should not have been subject to mandatory minimum sentencing and (5) that counsel was ineffective in addressing both the minimum sentencing problem and Gant's classification as a career criminal.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Fed.R.Crim.P. 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (technical violation of sentencing guidelines).
 
 
 6
 Gant is barred from seeking relief on his claims. First, the claims enumerated 1, 2, and 4 above could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Gant must demonstrate cause and prejudice to excuse his failure to raise these claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Second, Gant did not raise any of his claims in his prior motion to vacate his sentence. Under the second clause of Rule 9(b), Rules Governing Section 2255 Proceedings, a motion may be denied as an abuse of the writ if it presents issues that could have been but were not presented in a prior Sec. 2255 motion. Still, the motion may be reviewed if the petitioner can show cause and prejudice to excuse his failure to raise the claims in his original motion or if the court's refusal to hear the claim would result in a fundamental miscarriage of justice. See Ritchie v. Eberhart, 11 F.3d 587, 591 (6th Cir.1993); United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); cf. McCleskey v. Zant, 499 U.S. 467, 487 (1991). Gant argued that he did not raise these claims at an earlier opportunity because he was unable to retain counsel. Further, he stated that he was unaware of these issues at the time he filed his previous motion. Even if we conclude that Gant can establish cause, it is clear that Gant can show no prejudice or potential miscarriage of justice, as his claims are without merit.
 
 
 7
 The district court properly calculated the amount of drugs attributable to Gant, as the government presented sufficient evidence that Gant was involved in a conspiracy that was responsible for distributing approximately 15 kilograms of crack cocaine. Cf. United States v. Oleson, 44 F.3d 381, 385 (6th Cir.1995). Gant's second claim is without merit because he did not present any basis for his argument that Fed.R.Crim.P. 32 requires that his sentence be reduced. Gant also did not receive ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring serious and prejudicial error by counsel in order to find ineffectiveness). Gant was not prejudiced by counsel's alleged failure to challenge the district court's determination of the amount of drugs attributable to him, as there was ample evidence to charge Gant with 15 kilograms of crack cocaine. Nor was he prejudiced by the mandatory minimum sentencing or career criminal classification issues; regardless of the court's or counsel's actions in this area, the applicable sentencing guideline range would not have changed.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Court.