.In re: **Glenn Howard SONSHINE,**
Movant.

No. 97–0130.

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 1997.

Domnick J. Sorise, Clinton Township, MI, for Petioner–Appellant.

Margaret E. Davis, Office of the U.S. Attorney, Detroit, MI, for Respondent–Appellee.

Before: BOGGS, MOORE, and FARRIS,* Circuit Judges.

### ORDER

Relying on this court's recent decision in the case of *In re Hanserd,* 123 F.3d 922 (6th

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by desig-    nation.

Cir.1997), Glenn Howard Sonshine, through counsel, asks this court to reopen his motion for an order authorizing the district court to consider a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We deny the request to reopen because *Hanserd* does not support Sonshine's request.

Sonshine pleaded guilty on May 18, 1993, to possession of an unregistered firearm (count one), failure to appear (count two), and possession of a firearm while a fugitive from justice (count three). The district court sentenced him to a total of 41 months in prison, with this sentence imposed to run consecutively to an undischarged 57–month sentence imposed in his underlying drug case. Sonshine voluntarily dismissed his direct appeal pursuant to Fed. R.App. P. 42.

In his first motion to vacate, filed on September 12, 1995, Sonshine argued that: (1) the government breached the plea agreement by failing to voice its lack of opposition to the running of Sonshine's sentences for counts one and three concurrently with the undischarged prison term; and (2) the district court should have granted a three-level reduction for acceptance of responsibility instead of the two-level reduction that was granted. The district court denied the § 2255 motion in an order entered on December 13, 1995.

In his motion to authorize a second motion to vacate, filed on March 26, 1997, pursuant to 28 U.S.C. §§ 2244 and 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Sonshine sought to present the following issue: whether trial and appellate counsel rendered ineffective assistance by failing to advise Sonshine, the district court, or the court of appeals that, under the version of USSG § 5G1.3(b) in effect at the time of his sentencing, the district court was required to impose his sentences for counts one and three concurrently with his undischarged prison term.

In an order filed on June 11, 1997, a panel of this court denied relief under § 2244 on the ground that Sonshine had neither provided the court with newly discovered evidence which could establish that no reasonable factfinder would have found him guilty, nor iden-

tified a new rule of constitutional law, made retroactive by the Supreme Court, that would cast doubt on the constitutionality of his conviction. *See* 28 U.S.C. § 2244(b)(2). Sonshine's petition for rehearing, received by the court on June 19, 1997, was not ruled on because the court of appeals's order denying authorization to file a second or successive § 2255 motion "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). This case was closed on July 11, 1997.

In October 1997, Sonshine's attorney wrote a letter to the Clerk of this court requesting that the case be reopened in light of the court's decision in *Hanserd*. Sonshine relies upon the following language found near the end of the decision: "We therefore hold that a federal prisoner must satisfy the new requirements of 28 U.S.C. § 2255 only if he has filed a previous § 2255 motion on or after April 24, 1996, the date AEDPA was signed into law. As Hanserd's previous § 2255 motion was filed before that date, he does not need to meet this new standard to file a second motion." *Hanserd*, 123 F.3d at 934. Sonshine claims that this language means that he does not need to meet the new gatekeeping requirements of AEDPA because, like Hanserd, his first § 2255 motion was filed before April 24, 1996. He, therefore, reasons that he does not need this court's authorization to file a second § 2255 motion at this time.

Taken out of context in this way, the quoted portion of the *Hanserd* decision would seem at first glance to support Sonshine's position. *See also Hanserd*, 123 F.3d at 933 ("Our holding means that federal inmates will have one post-AEDPA bite at the apple, limited further, for prisoners who filed a § 2255 motion before AEDPA's enactment, by the old abuse-of-the-writ standard."). Sonshine is now requesting his "one post-AEDPA bite at the apple." However, when the *Hanserd* language upon which he relies is read in the context of the entire decision, it is clear that his case is not supported by *Hanserd*.

The specific problem we addressed in *Hanserd* was whether a legitimate claim brought pursuant to *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), could be brought before the federal courts when the movant had already presented a pre-AEDPA, pre-*Bailey* motion to vacate under § 2255, and would thus be barred from bringing another § 2255 motion by the gatekeeping requirements set up by Congress in AEDPA. While *Bailey* itself was merely a decision of statutory interpretation—making it ineligible to support a second § 2255 motion under AEDPA—it raised concerns of constitutional dimension as numerous inmates were serving mandatory prison time for offenses of which they were actually innocent. *See Triestman v. United States,* 124 F.3d 361, 371–72, 379 (2d Cir.1997); *Hanserd,* 123 F.3d at 929.

We, therefore, analyzed the effect that AEDPA had on a claim, such as that raised by Hanserd, which would have survived the old "abuse-of-the-writ" test, *see McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 1470–71, 113 L.Ed.2d 517 (1991), under the Supreme Court's decision in *Landgraf v. USI Film Prods.,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1504, 128 L.Ed.2d 229. We concluded that AEDPA does not apply to a movant seeking to raise a *Bailey* claim after having filed a pre-AEDPA motion to vacate because applying AEDPA would have a retroactive effect on the movant's pre-AEDPA conduct, i.e., he would be barred from filing a second motion to vacate under AEDPA whereas, before the Act, he would have been permitted to file his second motion.

Because the *Hanserd* court's *Landgraf* analysis was based upon the retroactive effect that AEDPA had on the movant's particular claim, the *Hanserd* holding must be similarly circumscribed. Consequently, while *Hanserd* is not strictly limited to claims arising under *Bailey,* apart from that class of claims, there will be few other cases "in which the difference matters," *Hanserd,* 123 F.3d at 934 n. 21, and on which the gatekeeping requirements of AEDPA will thus have an impermissibly retroactive effect.

We have outlined the specific procedure to be followed when an inmate wishes to file a second or successive motion to vacate. *See id.* at 934. This procedure calls for a *Landgraf*-type analysis whenever a motion is filed for § 2244 relief. When we analyze the issue Sonshine wishes to raise in a second § 2255 motion, it is clear that he is not entitled to relief. Although couched in Sixth Amendment terms, the issue is basically one arising under the Sentencing Guidelines, which would be barred under both AEDPA and the old abuse-of-the-writ standard. Sonshine would not have prevailed under pre-AEDPA law, as his petition would have been denied as an abuse of the writ. AEDPA's restrictions thus do not attach new legal consequences for Sonshine, and AEDPA has no impermissibly retroactive effect on this case. *Hanserd,* 123 F.3d at 930–34.

Accordingly, Sonshine's request to reopen his case is denied.