**UNITED STATES of America, Plaintiff,**

v.

**Brian LOGAN, Defendant.**

**No. 1:95 CR 70–07.**

United States District Court,
W.D. Michigan.

Oct. 15, 1998.

Brian Logan, Bradford, PA, pro se.

Sherry Renee Walls, Pekin, IL, pro se.

Brian K. Delany, Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, for U.S.

### FINAL ORDER

ENSLEN, Chief Judge.

This matter is before the Court on Defendant's Motion for Relief pursuant to 28 U.S.C. §§ 2241, 2255, Writ of Audita Querela, and/or Writ of Coram Nobis, filed on February 10, 1998. Defendant Brian Logan pled guilty on November 30, 1995, to Count One of the Superseding Information, charging him with Interstate Transportation in Aid of Racketeering, in violation of 18 U.S.C. § 1962(a). On March 27, 1996, the Court sentenced defendant to 60 Months incarceration, followed by a three-year term of supervised release, and a $50 special assessment. Defendant did not file a direct appeal. Consequently, the Court's judgment became final no later than April 6, 1996. Nearly two years later, on February 10, 1998, Defendant filed the instant motion for relief. Upon review, the Court denies Defendant's motion.

### Section 2255

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214, a one-year statute of limitations applies to motions for relief from a sentence imposed by a federal court. 28 U.S.C. § 2255. Typically, this period will run from "the date on which the judgment of conviction becomes final." *Id.* As noted above, here, the judgment became final no later than April 6, 1996, and the motion was filed on February 10, 1998. On its face, Defendant's motion appears time-barred. Defendant contends that this amendment to § 2255 constitutionally may not be applied to him, however, because his conviction became final before the amendment went into effect on April 23, 1996.

Logan argues that the Sixth Circuit's ruling in *In re Hanserd,* 123 F.3d 922 (6th Cir.1997), bars this Court from applying the gatekeeping provisions of the AEDPA to his petition. In *Hanserd,* a federal prisoner requested permission to file a second motion to vacate his sentence pursuant to § 2255. *Id.* at 922. As described in a subsequent case, "[t]he specific problem was whether a legiti-

mate claim brought pursuant to *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), could be brought before the federal courts when the movant had already presented a pre-AEDPA, pre-*Bailey* motion to vacate under § 2255[.]" *In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir. 1997). The *Sonshine* court noted that "while *Hanserd* is not strictly limited to claims arising under *Bailey*, apart from that class of claims, there will be few other cases, ... on which the gatekeeping requirement of the AEDPA will thus have an impermissibly retroactive effect." *Id.*

■ The Defendant's concern regarding retroactivity is further assuaged, and in fact resolved in its entirety, by the holdings of many circuits creating a "grace period" of one year after the passage of the AEDPA within which a motion may be filed. Thus, "[n]o petition filed on or before April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed for failure to comply with [section 2255's] time limit." *Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1287 (9th Cir.1997); *accord Brown v. Angelone*, 150 F.3d 370, 376 (4th Cir.1998). Here, the Defendant filed his motion after this one-year grace period had expired. His motion, therefore, is untimely under § 2255.

### Section 2241

■ Defendant also seeks relief pursuant to 28 U.S.C. § 2241. "In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998) (quoting *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991)). Moreover, such a petition may only be filed in the district of incarceration. *Jalili*, 925 F.2d at 893–94. Since Logan challenges the validity of his conviction rather than the execution of his sentence, and since he is incarcerated in Pennsylvania, relief under the statute is unavailable to him.

Even if these barriers were not in place, however, there exists a further limitation on § 2241 petitions. A petition under 28 U.S.C. § 2241 may be brought only when the § 2255 remedy is "inadequate or ineffective." 28 U.S.C. § 2255. However, such inadequacy or ineffectiveness cannot be established "merely because [the] petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir.1997). *See also In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (*en banc*) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion."). Courts permitting recourse to § 2241 have found strong underlying bases for inadequacy. In particular, successive petitions have been permitted where a Supreme Court decision,[1] issued subsequent to resolution of the initial petition, has determined that actions formerly believed to be criminal are, in fact, legally blameless. *See, e.g., Dorsainvil; In re Hanserd*, 123 F.3d 922 (6th Cir.1997); *Triestman v. United States*, 124 F.3d 361 (2nd Cir.1997). In such a circumstance, the absence of a remedy would raise "serious constitutional questions." *Triestman*, 124 F.3d at 378–79; *see also In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir.1997). It would also mean that a petitioner would have available "no reasonable opportunity" to correct a defect in his or her conviction. *In re Davenport*, 147 F.3d 605, 611 (7th Cir.1998).

Here, Petitioner's only claim of inadequacy is that the AEDPA's one-year limitations period bars his claim. This contention might raise constitutional questions, and therefore bear consideration, if the limitations period applicable to petitioner had already run as of the date of the AEDPA's enactment. However, as noted above, Petitioners are given a one-year grace period from the date of enactment within which to file their petitions, eliminating any retroactivity concerns. *See,*

1. In the cases cited below, *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

*e.g., United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir.1997). Petitioner filed well after that period had expired. The Court concludes that any "ineffectiveness" in this matter is attributable not to § 2255, but to Petitioner, for failure to file within this period. Moreover, the one-year period within which he could have petitioned provided a "reasonable opportunity" to correct any perceived defects in his conviction. Consequently, the Petitioner may not resort to § 2241 to overcome his failure to petition timely.

### Relief under the All Writs Act

█ In addition to pursuing a collateral attack on his conviction by the statutory habeas avenues, Defendant requests relief under the All Writs Act. 28 U.S.C. § 1651. For reasons similar to those barring § 2241 relief, the Defendant may not obtain relief under writs of *coram nobis* or *audita querela.*

" 'The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling' " *Carlisle v. United States,* 517 U.S. 416, 428–29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshals Serv.,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)). In the instant case, given that Logan challenges the constitutional validity of his conviction, that he is "in custody," and that his request is made to the federal court that sentenced him, it is clear that his motion is covered by section 2255. The mere fact that relief is barred by the provisions of the AEDPA amendments to that statute does not entitle Logan to relief under the All Writs Act. *Cf. Davenport,* 147 F.3d at 608 ("it would be senseless to suppose that Congress permitted [petitioners] to pass through the closed door simply by changing the number 2241 to 1651 [the All Writs Act] on their motions.").

Turning to the particular writs sought by Defendant, the Court first concludes a writ of *audita querela* will not issue. "It is an open question whether [this] obsolescent writ survives as a post-conviction remedy." *United States v. Banda,* 1 F.3d 354, 356 (5th Cir.

1993). If it does, it is available only in very limited circumstances. *United States v. La-Plante,* 57 F.3d 252, 253 (2nd Cir.1995). One necessary condition is that a petitioner's objection may not be "redressable pursuant to another post-conviction remedy." *Id.* Since Petitioner's claims could have been pursued in a § 2255 motion, they cannot come through the *audita querela* backdoor. *Cf. Davenport,* 147 F.3d at 608.

█ A writ of *coram nobis* is also unavailable. The Supreme Court has recently stated that " 'it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis* ] would be necessary or appropriate.' " *Carlisle,* 517 U.S. at 429, 116 S.Ct. 1460 (bracketed material in original) (quoting *United States v. Smith,* 331 U.S. 469, 475 n. 4, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947). This writ "is used to vacate a federal sentence or conviction based on a factual error when a § 2255 motion is unavailable—generally when petitioner has served his sentence completely and thus is no longer 'in custody' as required by § 2255 relief." *Blanton v. United States,* 94 F.3d 227, 231 (6th Cir.1996). A *coram nobis* petition will be granted only when the petitioner demonstrates: "1) an error of fact, 2) unknown at the time of trial, 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.* No such demonstration has been made by defendant. As well, he has not served his sentence completely, but remains in custody. Therefore, a writ of *coram nobis* may not issue.

### Conclusion

Defendant is not entitled to relief under § 2255, § 2241, or the writs of *coram nobis* or *audita querela.* Accordingly, his motion for relief under one or more of these remedies will be denied.