Jerry Lee GANT, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV. 01–71670,
No. CRIM. 87–CR–80933–8.

United States District Court,
E.D. Michigan,
Southern Division.

June 14, 2001.

Jerry Lee Gant, Edgefield, SC, Pro se.

## ORDER TRANSFERRING SUCCESSIVE § 2255 MOTION TO SIXTH CIRCUIT COURT OF APPEALS FOR CERTIFICATION DETERMINATION

ROSEN, District Judge.

On April 30, 2001, Petitioner Jerry Lee Gant filed a motion under 28 U.S.C. § 2255, attacking this Court's 1989 sentence of 360 months of imprisonment following his conviction by a jury in October of 1988 for conspiracy to possess with intent to distribute and to distribute various controlled substances, including cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner primarily asserts that his sentence cannot stand in light of the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

This is the third motion brought by Petitioner under § 2255. The first of these motions was filed on September 10, 1992 and denied by this Court on March 31, 1994, and Petitioner's appeal of this ruling was dismissed for lack of jurisdiction on May 6, 1994. Petitioner filed his second § 2255 motion on August 16, 1994. The Court denied this motion on December 14, 1994 as an abuse of the writ, and this decision was affirmed in *Gant v. United States*, 64 F.3d 663, 1995 WL 496650 (6th

Cir. Aug. 18, 1995). Ordinarily, then, under § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner would be required to seek permission from the Sixth Circuit Court of Appeals before pursuing his present, third collateral attack on his sentence.

Petitioner, however, argues that he is exempt from these procedures governing second or successive § 2255 motions, in light of certain oft-quoted language contained in the Sixth Circuit's decision in *In re Hanserd*, 123 F.3d 922 (6th Cir.1997). In that case, the Court stated that "a federal prisoner must satisfy the new requirements of 28 U.S.C. § 2255 only if he has filed a previous § 2255 motion on or after April 24, 1996, the date AEDPA was signed into law." *Hanserd*, 123 F.3d at 934. Petitioner's two prior § 2255 motions in this case predate the enactment of the AEDPA, and hence he argues that his present motion does not trigger the AEDPA's requirements for second or successive § 2255 motions.

Petitioner is mistaken, in two respects. First, within a few months after *Hanserd* was decided, the Sixth Circuit quickly moved to clarify, and sharply limit, the above-quoted language from that decision. Specifically, in *In re Sonshine*, 132 F.3d 1133, 1134–35 (6th Cir.1997), the Court cautioned against taking this language "out of context," and explained that the sentencing challenge in *Hanserd* arose from the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), a case interpreting the "use" portion of the "uses or carries" language of 18 U.S.C. § 924(c). Because *Bailey* was "merely a decision of statutory interpretation," it was "ineligible

to support a second § 2255 motion under AEDPA." *Sonshine*, 132 F.3d at 1135.[1] Yet, despite its statutory underpinnings, *Bailey* implicated "concerns of constitutional dimension," as it raised the possibility that "numerous inmates were serving mandatory prison time for offenses of which they were actually innocent." 132 F.3d at 1135.

It was in this particular context, where the plain language of the AEDPA flatly precluded any appeal to *Bailey* in a successive § 2255 motion, but where such a statutory bar would result in the continued imprisonment of individuals who were actually innocent of the offense of conviction, that the panel in *Hanserd* determined that the application of the AEDPA would have an impermissible retroactive effect. As noted in *Sonshine* and subsequent decisions, such a set of circumstances is rare indeed, and will arise in "few other cases" apart from those involving a *Bailey* claim. *Sonshine*, 132 F.3d at 1135; *see also Coe v. Bell*, 209 F.3d 815, 823 (6th Cir.2000).

Viewed in its proper light, then, it is clear that *Hanserd* does not stand for the broad proposition advanced by Petitioner here—namely, that all federal prisoners get one additional post-AEDPA bite at the apple, without regard to how many pre-AEDPA petitions they filed or what grounds they might be asserting in their post-AEDPA motion. Rather, the concern addressed in *Hanserd* does not arise where, as here, a successive post-AEDPA motion rests on a Supreme Court ruling, like *Apprendi*, that undeniably addresses a question of constitutional law. In such cases, the post-AEDPA version of § 2255 does not flatly preclude any reliance on such a ruling, but instead expressly identifies the circumstances under which this

---

**1.** This is because, under the AEDPA amendments, a Supreme Court decision can support a second or successive § 2255 motion only if

it announces a "new rule of constitutional law." 28 U.S.C. § 2255, para. 8(2).

decision may support a second or successive motion: it must announce a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255, para. 8(2). Further, even assuming that *Apprendi* qualifies under this statutory standard for retroactive application in collateral proceedings,[2] that ruling does not promise to establish that Petitioner is "actually innocent" of a drug conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1), but at most would result in a reduced sentence. *See United States v. Page,* 232 F.3d 536, 545 (6th Cir.2000). In short, the circumstances presented in *Hanserd* are utterly absent here, and Petitioner's present motion is not exempt from the requirements for second or successive

motions set forth in the post-AEDPA version of § 2255.

In any event, even assuming that *Hanserd's* rule applied here, Petitioner's motion still would be procedurally deficient. In *Hanserd* itself, the Sixth Circuit explained that "[i]nmates who wish to file a second or successive motion to vacate sentence should first file a motion in this court requesting permission under 28 U.S.C. §§ 2244, 2255, *regardless of when the first motion to vacate sentence was filed.*" *Hanserd,* 123 F.3d at 934 (emphasis added). Thus, while this Court is confident that Petitioner's motion is not exempt from the AEDPA requirements for second or successive petitions,[3] the Sixth Circuit has reserved to itself the resolution of this

2. Every circuit that has addressed the question has held that it does not. *See, e.g., Browning v. United States,* 241 F.3d 1262, 1264–67 (10th Cir.2001) (en banc); *In re Tatum,* 233 F.3d 857, 858–59 (5th Cir.2000); *Rodgers v. United States,* 229 F.3d 704, 705–06 (8th Cir.2000); *Talbott v. Indiana,* 226 F.3d 866, 868–69 (7th Cir.2000); *Sustache–Rivera v. United States,* 221 F.3d 8, 15 (1st Cir.2000). These courts have pointed to the language of § 2255 requiring that a new rule of constitutional law must be "made retroactive to cases on collateral review *by the Supreme Court,*" 28 U.S.C. § 2255, para. 8(2) (emphasis added), and have construed this language as contemplating either an express declaration by the Supreme Court that a new rule is available on collateral review, or a decision by the Court actually applying the rule in a collateral proceeding. *See, e.g., Browning,* 241 F.3d at 1264–66 (adopting this interpretation over the petitioner's suggestion that retroactive application should be determined by resort to the analysis set out in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). To date, the Supreme Court has neither stated that *Apprendi* applies retroactively on collateral review, nor actually applied this ruling in a collateral proceeding. As bluntly stated by the Seventh Circuit, "[i]f the Supreme Court ultimately declares that *Apprendi* applies retroactively on collateral attack, we will authorize successive collateral review of cases to which *Apprendi*

applies. Until then prisoners should hold their horses and stop wasting everyone's time with futile applications." *Talbott,* 226 F.3d at 869.

3. The Court believes, in addition, that Petitioner's appeal to *Apprendi* is likely to prove deficient on the merits, even in the unlikely event that the Sixth Circuit authorizes his successive petition. Petitioner argues that, absent a determination of drug quantities by the jury at his trial, he could only be sentenced at or below the statutory maximum of twenty years under 21 U.S.C. § 841(b)(1)(C) for drug offenses involving indeterminate quantities of cocaine. Indeed, he goes further in Ground Four of his petition, arguing that his sentence is limited by the five-year maximum at § 841(b)(1)(D) for offenses involving an indeterminate amount of marijuana, where the charged drug conspiracy involved cocaine and marijuana. This latter argument runs afoul of the Sixth Circuit's decision in *United States v. Neuhausser,* 241 F.3d 460, 466–72 (6th Cir.2001), in which the Court held that it was proper to sentence the defendant by reference to the stiffer statutory penalties for cocaine, where the indictment unambiguously charged the defendant with conspiring to distribute both cocaine *and* marijuana. The same holds true with the indictment in this case. As to the former argument, Petitioner concedes elsewhere in his motion, in challenging his classification as a career offender,

844

issue. Accordingly, the Court cannot act upon Petitioner's motion, but instead must transfer this matter to the Sixth Circuit for its determinations (i) whether the AEDPA standards for second or successive petitions apply here, and (ii) if so, whether Petitioner should be granted the requisite authorization to file the present motion, his third under 28 U.S.C. § 2255. *See* 28 U.S.C. § 1631; *Hanserd*, 123 F.3d at 934; *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's April 30, 2001 Motion to Vacate, Set Aside, or Correct Sentence is TRANSFERRED to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination whether Petitioner may file this motion with this Court.

that he has prior state-court convictions for felony drug offenses. These prior convictions, in turn, expose him to a thirty-year maximum sentence under § 841(b)(1)(C) for drug offenses involving an indeterminate amount of cocaine. Thus, even setting aside the determination of drug quantities in this case as beyond the scope of the jury's verdict, Petitioner's thirty-year sentence still would not offend the principles announced in *Apprendi*. *See Neuhausser*, 241 F.3d at 464–66, 469–71; *United States v. Page*, 232 F.3d 536, 543–45 (6th Cir.2000).