UNITED STATES of America, Appellee,

v.

Randy LaPLANTE, Defendant–Appellant.

No. 1059, Docket 94–1440.

United States Court of Appeals,
Second Circuit.

Argued Feb. 23, 1995.

Decided June 19, 1995.

Randy LaPlante, Hyde Park, MA, submitted a pro se brief.

Charles R. Tetzlaff, U.S. Atty., David V. Kirby, Johyn–Claude Charbonneau, Asst. U.S. Attys., Rutland, VT, submitted a brief, for appellee.

Before: NEWMAN, Chief Judge, VAN GRAAFEILAND and COFFIN,* Circuit Judges.

* The Honorable Frank M. Coffin of the United States Court of Appeals for the First Circuit, sitting by designation.

**JON O. NEWMAN, Chief Judge:**

Randy S. LaPlante appeals *pro se* from the July 11, 1994, order of the District Court for the District of Vermont (Franklin S. Billings, Jr., Judge) denying his motion to collaterally attack his 1987 conviction for assaulting an immigration officer, in violation of 18 U.S.C. § 111 (1988). LaPlante, who is a Canadian citizen, pled guilty to the assault charge and completed service of his sentence in 1989. Thereafter he entered the United States. In 1993, the Immigration and Naturalization Service commenced deportation proceedings against him.

LaPlante then brought the instant collateral attack in an effort to eliminate the basis for the deportation. He styled his papers as a request for either a writ of error coram nobis or a writ of audita querela. He sought relief on the grounds that his trial counsel had been constitutionally ineffective by giving erroneous advice as to the maximum sentence and by failing to seek a judicial recommendation against deportation ("JRAD"). On recommendation of Magistrate Judge Niedermeier, Judge Billings denied relief.

Though formally abolished in civil cases, *see* Fed.R.Civ.P. 60(b), the writs of error coram nobis and audita querela remain available in very limited circumstances with respect to criminal convictions. *See United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (coram nobis); *United States v. Holder,* 936 F.2d 1 (1st Cir.1991) (audita querela). Coram nobis is available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence. *Morgan,* 346 U.S. at 512–13, 74 S.Ct. at 253–54. Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy. *Holder,* 936 F.2d at 5.

The District Court properly determined that collateral relief was not available in this case. Nothing has occurred subsequent to the conviction that remotely creates a legal objection to the conviction, such as might be redressable by a writ of audita querela. Nor is relief available under coram nobis. Appellant makes no claim that he was not fully advised by the court of the maximum sentence he faced. His claim of ineffective assistance of counsel arising from counsel's failure to seek a JRAD is without merit for two reasons. First, he cannot satisfy the prejudice prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because Judge Billings indicated that he would not have made a recommendation against deportation, had one been sought. Second, the authority for a JRAD, formerly contained in 8 U.S.C. § 1251(b)(2) (1988), has been repealed, *see* Pub.L. No. 101–649, § 505, 104 Stat. 4978, 5050 (1990), and the repeal applies retroactively, *see United States v. Koziel,* 954 F.2d 831, 835 (2d Cir.1992). Thus, though counsel's failure to request a JRAD has resulted in a remand at a time when such a remedy was available, *see Janvier v. United States,* 793 F.2d 449, 455 (2d Cir.1986), we agree with Judge Glasser's decision in *Campbell v. United States,* No. 91–CV–2008, 1992 WL 100174, at *2–*3 (E.D.N.Y. Apr. 20, 1992), that the repeal of JRAD authority makes a remand for resentencing pointless.

The order of the District Court is affirmed.