101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isidro AVILES, Defendant-Appellant.
 No. 95-1667.
 United States Court of Appeals, Second Circuit.
 June 12, 1996.
 
 APPEARING FOR APPELLANT:Isidro Aviles, pro se, Bradford, Pa.
 APPEARING FOR APPELLEE:Mary Jo White, U.S. Atty., New York, N.Y.
 S.D.NY.
 AFFIRMED.
 Before NEWMAN, JACOBS, Circuit Judge., and CHATIGNY,* District Judge.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 Isidro Aviles appeals pro se from the August 9, 1995, order of the District Court, denying his motion to reconsider the Court's July 3, 1995, order, which denied his petition for a writ of audita querela to challenge his 1991 conviction for a narcotics and a firearm offense.
 
 
 4
 The petition, which is Aviles's second attempt at a collateral attack, is entirely frivolous. It claims, among other things, that cocaine and heroin are not "controlled substances" within the meaning of 21 U.S.C. §§ 841, 846 and that the statutory offenses are invalid for lack of interpretive regulations.
 
 
 5
 If a petition for a writ of audita querela is ever available for a collateral attack, see United States v. LaPlante, 57 F.3d 252, 253 (2d Cir.1995), it is not available to present the frivolous claims raised by this petitioner. Aviles is cautioned that the presentation of further frivolous challenges to his 1991 convictions risks the imposition of sanctions.
 
 
 
 *
 Of the United States District Court for the District of Connecticut, sitting by designation