**UNITED STATES of America,**
**Appellee,**

v.

**Keith Edward RICHTER,**
**Defendant–Appellant.**

**Docket No. 06–1930–cr.**

United States Court of Appeals,
Second Circuit.

Submitted: Nov. 16, 2007.

Decided: Dec. 4, 2007.

Peter A. Norling, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (David C. James, Assistant United States Attorney, on the brief), Brooklyn, N.Y., for Appellee.

Keith Edward Richter, pro se, Lewisburg, PA., Defendant–Appellant.

Before: CALABRESI, SOTOMAYOR, and WESLEY, Circuit Judges.

**PER CURIAM:**

Defendant–Appellant Keith Richter was convicted in 1998 of conspiracy and attempted murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering, both in violation of 18 U.S.C. § 1959(a). He was sentenced to 192 months in prison, and he did not file a direct appeal. In 2006, he petitioned for a writ of *audita querela* in order, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to attack his sentence collaterally. The district court (Denis, *J.*) denied his petition; Appellant appeals that denial.

Appellant claims that, because his sentence was based on a statutory regime that was held unconstitutional in *Booker*, his sentence is a nullity. And because he is time-barred from bringing this *Booker* claim under 28 U.S.C. §§ 2255, 2241, or 2244, he asserts that a writ of *audita querela* is both the appropriate and the only available avenue of relief.

■ We review *de novo* a district court's grant or denial of a writ of *audita querela*. *See United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir.2005) (per curiam); *United States v. Hovsepian*, 359 F.3d 1144, 1153 (9th Cir.2004); *United States v. Johnson*, 962 F.2d 579, 581 (7th Cir.1992). The writ has been abolished with respect to civil cases, *see* Fed.R.Civ.P. 60(b), but it remains available in limited circumstances with respect to criminal convictions. Specifically, it "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir.1995) (citing *United States v. Holder*, 936 F.2d 1, 5 (1st Cir.1991)); *see also United States v. Valdez–Pacheco*, 237 F.3d 1077, 1079 (9th Cir.2001) (per curiam) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief").

■ We have previously indicated that a writ of *audita querela* "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." *Triestman v. United States*, 124 F.3d 361, 380 n. 24 (2d Cir.1997). As the Third Circuit has noted, "[w]ere no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue." *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir.1997). In such a situation, the *Dorsainvil* court said that the writ of *audita querela* might be available. *Id.* But the court did not ultimately decide that question because it held that § 2241 habeas relief was in fact available in the case before it. *Id.* In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie.

■ The instant case, however, does not present such a situation. "*Booker* does not apply retroactively to cases on collateral review...." *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir.2005). There is, therefore, no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions. As a result, a writ of *audita querela* does not lie. The judgment of the district court is Affirmed.