**Reynaldo ROSARIO, Appellant**

v.

**UNITED STATES of America.**

No. 09–2601.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action

Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 July 30, 2009.

Opinion filed: Aug. 21, 2009.

Reynaldo Rosario, Fort Dix, NJ, pro se.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Defendant–Appellee.

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Reynaldo Rosario, a federal prisoner proceeding *pro se,* appeals an order of the United States District Court for the District of New Jersey dismissing his petition for a writ of audita querela. We will affirm the District Court's order.

In 1993, Rosario pleaded guilty to possession with intent to distribute cocaine. Rosario escaped from prison and remained a fugitive until 1999, when he was sentenced to a term of 327 months in prison. In 2000, we affirmed the judgment of conviction. In 2001, the District Court denied Rosario's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We denied Rosario's request for a certificate of appealability, and the United States Supreme Court denied his petition for a writ of certiorari.

In 2006, the District Court denied Rosario's motion to reopen his § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b). The District Court held that Rosario's motion, which raised a claim under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), constituted an unauthorized second or successive § 2255 motion. We then denied Rosario's application to file a second or successive § 2255 motion challeng-

ing his sentence under *Blakely* and *Booker*. Rosario also unsuccessfully filed in District Court two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rosario then challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. Rosario again challenged his sentence under *Booker*, arguing that the sentencing judge improperly determined the amount of drugs in his case. The District Court denied Rosario's petition, and this appeal followed.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* While the writ of audita querela has been abolished in civil cases, *see* Fed.R.Civ.P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir.2005); *United States v. Valdez–Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). *See also United States v. Richter*, 510 F.3d 103, 104 (2d Cir.2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Rosario may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255. There is no gap to fill in the post-conviction remedies.[1] Rosario may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. *See Valdez–Pacheco*, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). *See also United States v. Baptiste*, 223 F.3d 188, 189–90 (3d Cir.2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order.[2]

---

1. In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002) (per curiam). *See also In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). Rosario stated in his "Motion for Point of Clarification" that he was not seeking relief under § 2241.

2. Rosario's motion for appointment of counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993). His request for a certificate of appealability is denied as unnecessary.