**Norman B. CALVERT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 07–0978–pr.

United States Court of Appeals, Second Circuit.

Oct. 19, 2009.

Norman B. Calvert, pro se.

Benton J. Campbell, United States Attorney, and Emily Berger and David C.

James, Assistant United States Attorneys, Eastern District of New York, for Appellee.

PRESENT: JOSÉ A. CABRANES and DEBRA ANN LIVINGSTON, Circuit Judges, EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Appellant Norman B. Calvert, *pro se*, appeals from orders of the United States District Court for the Eastern District of New York dismissing appellant's petition for a writ of *audita querela*—which the District Court construed, in the alternative, as a petition for a writ of error *coram nobis*—and denying his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The writs of *audita querela* and error *coram nobis* have been abolished in civil cases, but they "remain available in very limited circumstances with respect to criminal convictions." *United States v. La-Plante*, 57 F.3d 252, 253 (2d Cir.1995). *Coram nobis* relief is available where "[ (1) ] there are circumstances compelling such action to achieve justice, [ (2) ] sound reasons exist for failure to seek appropriate earlier relief, and [ (3) ] the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (internal quotation marks omitted). A writ of *audita querela* "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Unit-*

*ed States v. Richter*, 510 F.3d 103, 104 (2d Cir.2007) (internal quotation marks omitted).

We review *de novo* a district court's denial of a writ of *audita querela*. *Id.* at 104. For a writ of error *coram nobis*, we review the legal standards that a district court applies *de novo*, and we review a denial of the writ for abuse of discretion. *See Fleming*, 146 F.3d at 90. "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) (citation, alteration, and quotation marks omitted).

■ We agree with the District Court that appellant is not entitled to relief under either writ. First, as we have already decided appellant's speedy trial claim in his direct appeal, that claim cannot be relitigated. *See Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir.1980).

■ Second, with respect to appellant's arguments regarding the sufficiency of his criminal complaint, appellant has demonstrated neither that a new objection has arisen since his conviction nor that "sound reasons" exist for his procedural default. *Fleming*, 146 F.3d at 90. Although appellant claims that he only recently noticed the complained-of defect, appellant does not dispute that the evidence was available to him throughout his criminal proceedings and previous collateral attacks. In any event, the claim provides no basis for relief, as "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*,

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

445 U.S. 463, 474, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

We additionally hold that the District Court did not abuse its discretion in denying appellant's Rule 60(b) motion, as appellant demonstrated no "exceptional circumstances" that would justify setting aside the denial of his petition. *See Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir.2008).

We have carefully considered appellant's remaining claims and find them to be without merit.

## CONCLUSION

For the reasons set forth above, the orders of the district court are AFFIRMED.