**UNITED STATES of America**

v.

**Richard Paul ZUCKERMAN,**
**Appellant.**

**No. 09–2145.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 16, 2009.

Opinion filed: Oct. 26, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Richard Paul Zuckerman Metuchen, NJ, pro se.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Richard Paul Zuckerman appeals from an order of the United States District Court for the District of New Jersey, which denied his petition for a writ of error *coram nobis* or *audita querela.* Because the appeal raises no substantial question, we will affirm the District Court's order.

As we write primarily for the parties, we recount only those facts necessary to an understanding of this decision. Zuckerman was indicted in 1989, charged with mailing a threatening communication to a federal judge (sitting in New Jersey), in violation of 18 U.S.C. §§ 876 and 2. That indictment was eventually dismissed without prejudice to the United States. About one year later, the Federal Bureau of Investigation and the United States Attorney's Office learned that Zuckerman was attempting to buy guns in Florida and return with them to New Jersey. The prosecutor returned to the grand jury and obtained a second indictment charging Zuckerman with the same offense charged by the first indictment. Zuckerman proceeded to trial and was found guilty. As the Court found that Zuckerman was in need of psychiatric care, Zuckerman was originally given a provisional sentence of hospitalization in a suitable facility pursuant to 18 U.S.C. § 4244.[1] Zuckerman was unsuccessful on direct appeal.

Zuckerman filed a motion for relief pursuant to 28 U.S.C. § 2255 in 1992, raising claims concerning ineffective assistance of counsel. The motion was denied, and this Court affirmed. Zuckerman filed a second § 2255 motion in 1994, raising additional claims concerning ineffective assistance of counsel. The District Court denied relief and this Court affirmed.

Over a decade later, Zuckerman filed the petition at issue here. Zuckerman sought to raise the following issues: (A) in light of *District of Columbia v. Heller,* ——U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), his conviction violated the Due Process clause of the Fifth Amendment because the decision to prosecute the second indictment was based on his attempts to purchase firearms; (B) he should have been granted a change of venue; (C) he was entitled to an appellate panel from another circuit on direct appeal; (D) the appointed advisory defense attorney provided ineffective assistance of counsel; (E) the Third Circuit engaged in unlawful retaliation by entering a judgment order on direct appeal rather than hearing oral argument; (F) the trial court erred in failing to advise the jury that exaggeration is a defense to a mail threat charge; (G) the

1. After treatment, the Federal Correctional Institution at Butner decided that Zuckerman was no longer in need of treatment, and he was returned to the District Court for sentencing. On February 22, 1993, the District Court sentenced Zuckerman to time served, and placed him on supervised release for three years. Answer, Dist. Ct. dkt. # 6, at 5–6.

Speedy Trial Act was violated; (H) the court-appointed criminal defense attorney provided ineffective assistance in obtaining psychiatric evaluation; (I) the trial judge undermined his right to a jury trial by telling the jury that it was required to follow the trial court's instructions; and (J) the court should liberally relitigate issues that had earlier been asserted and denied.

The District Court entered an order and opinion on October 21, 2008, denying with prejudice Zuckerman's request to relitigate issues, and his already litigated claims (issues "G," "H," and "J"). The Court also denied claims "E" and "I" because they were without merit. The Court required Respondents to answer the remaining claims.

After considering the answer and Zuckerman's reply and supplemental replies, the District Court denied the remaining claims. Zuckerman appealed, and was informed that the Court would consider summary action. Zuckerman filed a brief in response.

Our review of the District Court's legal conclusions is plenary, and we apply a clearly erroneous standard to its factual findings. *Okereke v. United States,* 307 F.3d 117, 119–20 (3d Cir.2002). We may affirm on grounds different than those used by the district court in reaching its decision. *Kabakjian v. United States,* 267 F.3d 208, 213 (3d Cir.2001).

■ The writ of error *coram nobis* and the writ of *audita querela* are available in criminal cases to the extent they fill in gaps in the current system of post-conviction relief. *Massey v. United States,* 581 F.3d 172 (3d Cir.2009) (*audita querela*); *United States v. Baptiste,* 223 F.3d 188 (3d Cir.2000) *(coram nobis).* We recently reiterated that a motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means of challenging a federal conviction, and in the rare instance where a § 2255 motion is "inadequate or ineffective," a federal prisoner may resort to a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Massey,* 581 F.3d at 174 n. 1. Here, however, because Zuckerman is no longer in custody, he could no longer file a § 2255 motion (even with this Court's permission), nor could he file a § 2241 petition.[2] We have noted, "[w]ere no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue." *In re Dorsainvil,* 119 F.3d 245, 248 (3d Cir.1997).

Such is not the case here, however. *Cf. United States v. Richter,* 510 F.3d 103, 104 (2d Cir.2007) (finding writ of *audita querela* does not lie to raise claim under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). Zuckerman cannot show that § 2255 is "inadequate or ineffective" to raise his claims lettered "B" through "J." He pursued a direct appeal, and has had two post-conviction chances to raise challenges to his conviction and sentence. *Massey,* 581 F.3d at 174 (petitioner may not resort to *audita querela* simply because he cannot satisfy requirements of

---

**2.** Although Zuckerman is not "in custody," if we found that extraordinary relief pursuant to a writ of error *coram nobis* or a writ of *audita querela* were warranted, we assume Zuckerman could show continuing consequences from his conviction. *See Torzala v. United* States, 545 F.3d 517, 521 (7th Cir.2008) (holding that court had jurisdiction to consider appeal from unsuccessful § 2255 movant who had been released from custody because of his inability to possess firearms lawfully).

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")); *Baptiste,* 223 F.3d at 189–90 (petitioner may not resort to *coram nobis* simply because he cannot satisfy requirements of AEDPA).

Zuckerman's only claim that could not have been raised in an earlier motion or on direct appeal is his claim based on *Heller,* because *Heller* was not decided until 2008. We need not consider, however, whether Zuckerman could proceed by way of *coram nobis* or *audita querela* to pursue his *Heller* claim, because Zuckerman has not shown that such an extraordinary remedy is necessary; *i.e.,* that he was convicted for conduct that was not criminal, *see Dorsainvil,* 119 F.3d at 248; or that an error affects the very jurisdiction of the trial court, *see United States v. Stoneman,* 870 F.2d 102, 106 (3d Cir.1989). Mailing a threatening communication is a crime, and Zuckerman makes no claim that the District Court lacked jurisdiction to try the case against him.[3]

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

3. Further, we agree with the District Court that Zuckerman's Due Process claim is without merit. *Heller* does not impugn the prosecutor's motivation for seeking the second indictment against Zuckerman. *See Heller,* 128 S.Ct. at 2816–17 & n. 26; Dist. Ct. Op. at 5 (Jan. 28, 2009).

4. Zuckerman's motion to expand the record is granted, as the documents he seeks this Court to review are part of the criminal record below.