09-0358-cr
USA v. Mora

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of December, two thousand and nine.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM MORA,

*Defendant-Appellant*,

v.                                                                   No. 09-0358-cr

UNITED STATES OF AMERICA,

*Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**          William Mora, *pro se*, Inez, KY.

1

**FOR APPELLEE:**         Benton J. Campbell, United States Attorney, and Peter A. Norling and David C. James, Assistant United States Attorneys, United States Attorney's Office, Eastern District of New York, Brooklyn, NY.

Appeal from a January 6, 2009 order of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant William Mora, *pro se*, appeals from an order of the District Court denying his petition for a writ of *audita querela*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

We review *de novo* a district court's denial of a writ of *audita querela*. *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). Although formally abolished in civil cases, *see* Fed. R. Civ. P. 60(e), the writ of *audita querela* "remain[s] available in very limited circumstances with respect to criminal convictions," *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). A writ of *audita querela* "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.*

In *Richter*, 510 F.3d at 104, we considered a petitioner who, like appellant, sought a writ of *audita querela* claiming (1) that his sentencing under the then-mandatory United States Sentencing Guidelines was rendered unconstitutional by *United States v. Booker*, 543 U.S. 220 (2005), and (2) that he had no other available avenue of relief. We reasoned that, because "'*Booker* does not apply retroactively to cases on collateral review,'" there was "no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack [did] not give rise to serious constitutional questions." *Richter*, 510 F.3d at 104 (quoting *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005)). "As a result," we held, "a writ of *audita querela* [did] not lie." *Id.*

Our holding in *Richter* controls this case, and thus the District Court properly denied appellant's petition for a writ of *audita querela*.

We have considered appellant's remaining arguments on appeal and find them to be meritless.

## CONCLUSION

For the foregoing reasons, the January 6, 2009 order of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____