09-1769-cr
United States v. Joyner (Collins)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge,*
>        RALPH K. WINTER,
>        JOHN M. WALKER, JR.,
>             *Circuit Judges.*

─────────────────────────────────────

United States of America,

>        *Appellee,*

>    v.                                    09-1769-cr

Raymond A. Collins,

>        *Defendant-Appellant.*


─────────────────────────────────────


**FOR DEFENDANT-APPELLANT:**        Raymond A. Collins, *pro se*,
                                    White Deer, PA.

**FOR APPELLEE:**                   Andrew T. Baxter, United

States Attorney for the Northern District of New York (Paul D. Silver, Miroslav Lovric, Of Counsel), Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Raymond Collins, proceeding *pro se*, appeals from the district court's order entered March 23, 2009, denying his petition for a writ of *audita querela*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's denial of a writ of audita querela. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). The writ of audita querela "remain[s] available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). It "is probably available where there is a legal, as contrasted with an

2

equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." Id.; see also United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief"). And the writ also "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both [28 U.S.C.] § 2255 and § 2244--if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255." Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997).

This unusual form of relief is unavailable to Collins. First, another venue of judicial review was available. Appellant's present claims based on *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Jones v. United States*, 529 U.S. 848 (2000), were considered with respect to his 28 U.S.C. § 2255 motion and his subsequent motion for

3

reconsideration, and we declined to grant a certificate of appealability in his appeal from the denial of those motions. Accordingly, Appellant's claims have received adequate consideration.

Second, even if Appellant could show that adequate relief was unavailable, he would have to show that this is case in which "the failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377. However, he does not argue that his conduct was rendered non-criminal by intervening statutory interpretations. *Cf. id*. He contends that he is factually innocent of the conduct that resulted in his sentence of life imprisonment, but he continues to dispute only his intent to cause the death, not the fact that the death occurred--a contention that this Court expressly considered and rejected in denying his petition for rehearing on direct appeal. *See United States v. Joyner*, 313 F.3d 40, 45-46 (2d Cir. 2002) (concluding that while the district court erred under *Apprendi*, the error did not "seriously affect the fairness, integrity, or public perception of the fairness of Collins's trial"). Similarly, while Appellant sought to challenge the jury charge on whether the building in

4

question was connected to interstate commerce, he does not dispute that the building in question contained a bar that operated as a commercial business. Accordingly, Appellant has not raised "serious questions as to the constitutional validity" of the post-conviction structure, for which the narrow possibility of *audita querela* relief has been preserved.

We have considered all of Appellant's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5