**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-6447**

───────────

CARLOS ORTIZ,

           Petitioner - Appellant,

    v.

UNITED STATES OF AMERICA,

           Respondent - Appellee.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:12-cv-00689-WDQ)

───────────

Submitted: January 28, 2014     Decided: February 21, 2014

───────────

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

William B. Norman, NORMAN & TAYEH, LLC, Westlake, Ohio, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland; Sujit Raman, Assistant United States Attorney, Mara Zusman Greenberg, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Ortiz appeals the district court's orders denying his petition for a writ of audita querela and his motion filed pursuant to Fed. R. Civ. P. 59(e). Ortiz argues that the district court improperly construed his petition as asserting claims under Apprendi v. New Jersey, 530 U.S. 466 (2000), and failed to address his contention that his life sentence amounts to a miscarriage of justice. The Government has asked that we consider Ortiz's appeal as a petition for authorization to file a successive 28 U.S.C. § 2255 (2012) motion and deny it. For the reasons set forth within, we affirm the district court's orders and deny the Government's motion as moot. See, e.g., United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (reviewing "de novo a district court's grant or denial of a writ of audita querela").

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2012). However, prisoners may not resort to such writs when their challenges would be cognizable under § 2255 or to otherwise circumvent the statutory limits on collateral attacks. See United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494-95 (9th Cir. 2010); cf. In re Vial, 115 F.3d 1192, 1194 n.5 (4th

2

Cir. 1997) (en banc) (stating that § 2255 is not inadequate or ineffective to test legality of detention merely because petitioner is unable to obtain relief under § 2255).  As the Supreme Court has explained, § 1651 "is a residual source of authority to issue writs that are not otherwise covered by statute," and, "[w]here a statute specifically addresses [a] particular issue . . . , it is that authority, and not the All Writs Act, that is controlling."  Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted).

Here, Ortiz's contention that his convictions and sentence are invalid under Jones v. United States, 526 U.S. 227 (1999), and our subsequent decision in United States v. Promise, 255 F.3d 150 (4th Cir. 2001) (en banc), is exactly the variety of claim cognizable under § 2255.  Contrary to Ortiz's suggestion, whether his claim is construed as arising from statutory or constitutional error is inconsequential.  28 U.S.C. § 2255(a).  In either event, the fact that Ortiz's challenge is procedurally barred due to the restrictions on successive collateral attacks does not justify his proceeding under the All Writs Act.  See Richter, 510 F.3d at 104; United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005); United States v. Torres, 282 F.3d 1241, 1244-47 (10th Cir. 2002); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

3

We also reject Ortiz's suggestion that a miscarriage of justice or violation of the Suspension Clause[1] might permit his petition for a writ of audita querela.[2] Richter, 510 F.3d at 104. First, Ortiz's vague assertions regarding the insufficiency of the evidence supporting his life sentence fail to indicate that, had the question been properly submitted to the jury, it would not have found him eligible for that sentence. See McCleskey v. Zant, 499 U.S. 467, 494 (1991); Trenkler v. United States, 536 F.3d 85, 99-100 (1st Cir. 2008). Equally unavailing is Ortiz's implication that the limits on his ability to successively attack his convictions unconstitutionally deny him the benefit of changes in the law, as none of the authority on which Ortiz relies is retroactively applicable to cases on collateral review. See Lyons v. Lee, 316 F.3d 528, 535 (4th Cir. 2003); see also Richter, 510 F.3d at 104; Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007); In re Vial, 115 F.3d at 1197-98.

---

[1] U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

[2] Although the district court did not specifically address Ortiz's claims of a miscarriage of justice, we find no reason to remand. See Patel v. Napolitano, 706 F.3d 370, 372 (4th Cir. 2013) (reviewing de novo issue district court did not address), petition for cert. filed, 82 U.S.L.W. 3319 (U.S. Nov. 15, 2013) (No. 13-606).

4

Accordingly, we affirm the district court's orders denying the petition for writ of audita querela and Rule 59(e) motion and deny as moot the Government's motion to dismiss and recharacterize Ortiz's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED