DLD-204                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4693
_____

DARRELL ROTHWELL,
                            Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-13-cv-06671)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2014

Before:  SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Filed: April 16, 2014)
_____

OPINION
_____

PER CURIAM

        Darrell Rothwell, a prisoner currently confined at FCI-Fairton, appeals the United

States District Court for the District of New Jersey's denial of his petition for a writ of

error coram nobis or audita querela.  We will summarily affirm.

In 1997, the District Court sentenced Rothwell to life imprisonment under the "three strikes" law, 18 U.S.C. § 3559(c), after a jury found him guilty of conspiracy in connection with an attempted bank robbery, 18 U.S.C. § 371. We affirmed. United States v. Rothwell, 142 F.3d 430 (3d Cir. 1998) (table). Rothwell next filed a motion under 28 U.S.C. § 2255.[1] The District Court denied that motion, we affirmed, and the Supreme Court denied certiorari. Rothwell filed a motion under Federal Rule of Civil Procedure 60(b), seeking relief from the denial of his § 2255 motion.[2] The District Court denied the Rule 60(b) motion as an attempt to file an unauthorized second or successive § 2255 motion, and we denied issuance of a certificate of appealability.

Undeterred, June 2012, Rothwell filed a petition for writ of error coram nobis or audita querela. He argued that the sentencing court was without authority to impose a mandatory life sentence under the Three Strikes Law because he did not use or threaten to use a firearm or dangerous weapon during the attempted robbery. See 18 U.S.C. § 3559(c)(3)(A). The District Court denied the petition and Rothwell appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise de novo review over legal issues arising from the denial of coram nobis and audita querela relief. See

[1] Rothwell argued that (1) his attorney was ineffective because he failed to object to the use of the predicate offense carrying the highest penalty and failed to timely object to the application of the Three Strikes law; and (2) the sentence imposed on him under the Three Strikes Law violated due process and resulted in a "complete miscarriage of justice."
[2] Rothwell again argued that his attorney failed at sentencing to inform the District Court of legal authority that would limit his sentence to five years of imprisonment.

United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). If an appeal does not present a substantial question, we may summarily affirm the District Court's decision. See LAR 27.4; I.O.P. 10.6.

A motion to vacate sentence under 28 U.S.C. § 2255 is the presumptive means to collaterally challenge a federal conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Only if § 2255 relief is "inadequate or ineffective" may a petitioner like Rothwell resort to the All Writs Act, 28 U.S.C. § 1651, which authorizes coram nobis and audita querela relief in the appropriate circumstances. Section 2255 is not "inadequate or ineffective" merely because Rothwell cannot meet the stringent gatekeeping requirements of § 2255. See United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (coram nobis); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (audita querela).[3] Therefore, because Rothwell's claim is cognizable in a § 2255 motion, the writs of coram nobis and audita querela are not available to him.[4]

For the foregoing reasons, we will summarily affirm the District Court's order denying Rothwell's petition for writ of coram nobis and audita querela. See LAR 27.4; I.O.P. 10.

---

[3] As the District Court noted, coram nobis relief is generally appropriate only when a petitioner is no longer in custody. See Baptiste, 223 F.3d at 189. Audita querela relief ordinarily requires that a defense to a judgment arise after it was effected. See Massey, 581 F.3d at 174. Rothwell alleged neither set of circumstances.

[4] We note that Rothwell does not need a certificate of appealability to appeal the denial of coram nobis or audita querela relief. See Baptiste, 223 F.3d at 189 n.1.