Vale v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand sixteen.

PRESENT:

> **DENNIS JACOBS,**
> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judges,*
> **JED S. RAKOFF,**∗
> > *District Judge.*

_____

Jason Vale,

> *Petitioner-Appellant*,

> v.                                                  **15-581**

United States of America,

> *Respondent-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jason Vale, pro se, Bellerose Manor, NY. |
| **FOR RESPONDENT-APPELLEE:** | David C. James, Charles S. Kleinberg, Assistant United States Attorneys, Brooklyn, NY. |

---

∗ Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jason Vale, pro se, appeals the denial of his petition for a writ of audita querela and coram nobis. Vale argued that the sentence imposed for his 2004 criminal contempt conviction was improper because it was based upon the fraud guideline without a jury finding that Vale committed fraud, in violation of the Sixth Amendment, as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's denial of a writ of audita querela. *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). We review the denial of a writ of error coram nobis for abuse of discretion, but conduct a de novo review with respect to whether the district court applied the proper legal standard. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

Vale's challenge to his sentence is moot because he has already completed his terms of imprisonment and supervised release, and there are no apparent continuing injuries or collateral consequences stemming from his conviction. *See United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). In any event, his *Apprendi* argument is barred by the law of the case doctrine because the substance of his argument has already been rejected by this Court and, to the extent it was not, it is barred because the issue could have been decided earlier. *See United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007). Finally, *Apprendi* affected a district court's authority

2

to determine sentencing factors that necessarily increased a defendant's sentence beyond the statutory maximum; it did not otherwise affect a district court's ability to determine relevant conduct pursuant to the guidelines by a preponderance of the evidence. *See United States v. Vaughn*, 430 F.3d 518, 524-25 (2d Cir. 2005).

We have considered all of Vale's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk