CLD-059                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3832
_____

UNITED STATES OF AMERICA

v.

MONROE E. BULLOCK,
a/k/a MUNCHIE,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-95-cr-00296-002)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2016
Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 6, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Monroe Bullock appeals the District Court's order denying his petition for a writ of audita querela. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Bullock was convicted of conspiracy to distribute cocaine base following a jury trial and sentenced to life in prison, and we affirmed the criminal judgment. See United States v. Bullock, 129 F.3d 1256 (3d Cir. 1997) (unpublished table decision). He has since challenged his sentence in a variety of ways. While the District Court has denied most of his motions, the Court did grant a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines and reduced Bullock's sentence to 360 months' imprisonment.

At issue here is Bullock's petition for a writ of audita querela. He relied on Amendment 790 to the Guidelines, which clarified the circumstances in which acts of others involved in a jointly undertaken criminal activity can be attributed to the defendant for sentencing purposes. See U.S.S.G. § 1B1.3(a)(1)(B). Bullock argued that, in light of Amendment 790, the District Court miscalculated the quantity of drugs for which he was responsible under U.S.S.G. § 2D1.1. The District Court denied Bullock's petition, ruling that audita querela relief was not available in these circumstances. Bullock appealed.[1]

We agree with the District Court's analysis. As the Court explained, post-conviction challenges to a sentence are typically governed by 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255, but Bullock cannot proceed under either of those statutes here. Under

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). No certificate of appealability is necessary for this appeal. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

§ 3582(c)(2), the District Court is authorized to reduce the defendant's sentence based on an amendment to the Guidelines only if the amendment is among those enumerated in U.S.S.G. § 1B1.10(c), and Amendment 790 is not listed. See § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2), (d). Meanwhile, because Bullock has already had a § 2255 motion decided on the merits, see C.A. No. 99-1175, he can proceed with a second or successive § 2255 motion only with this Court's authorization, see Magwood v. Patterson, 561 U.S. 320, 331 (2010), which he has not received.

Recognizing these obstacles, Bullock invokes audita querela. Under the common law, the "writ of audita querela permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (quoting United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990)). The writ remains "available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." Id. It is unlikely that, between § 3582(c)(2) and § 2255, there is any gap to be filled here. See id. In any event, as the District Court explained, Bullock is entitled to no relief because Amendment 790 did not change the standards in this Circuit under § 1B1.3(a)(1)(B) in any way relevant to him. Compare Amendment 790 (providing that acts of others can be considered if they are "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity"), with United States v. Collado, 975 F.2d 985, 995 (3d Cir. 1992) (directing district courts to consider "whether the amounts distributed by the defendant's co-conspirators were distributed 'in

3

furtherance of the jointly-undertaken activity,' were 'within the scope of the defendant's agreement,' and were 'reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake'" (internal alterations omitted) (quoting U.S.S.G. § 1B1.3 cmt. n. 1)).

Accordingly, we will summarily affirm the District Court's judgment.