ALD-067                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3091
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00245-001)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 3, 2019
Before:  MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: January 9, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Frederick Banks appeals pro se from the District Court's order denying his petition

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for a writ of error coram nobis or, in the alternative, a writ of audita querela. He also challenges the District Court's order insofar as it denied his request for a hearing on these claims. For the following reasons, we will summarily affirm.

I.

In October 2004, following a jury trial in the United States District Court for the Western District of Pennsylvania, Banks was convicted of mail fraud, copyright infringement, and additional related offenses. We affirmed. See United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). The District Court later denied Banks's motion under 28 U.S.C. § 2255, and we denied him a certificate of appealability. United States v. Banks, C.A. No. 06–3671 (order entered Dec. 17, 2007). Since then, Banks has filed dozens of other motions and petitions in the District Court challenging his 2004 convictions, and those filings have generated numerous unsuccessful appeals. Banks has now completed serving his sentence and term of supervised release.

At issue here is Banks's August 2018 petition for a writ of error coram nobis, or, in the alternative, a writ of audita querela. In the petition, Banks claimed that: (1) the District Court erred in denying a request he made during his 2014 revocation hearing for evidence allegedly gathered against him under the Foreign Intelligence Surveillance Act (FISA); (2) the District Court lacked jurisdiction over his criminal case for numerous reasons, including: (a) the government obtained evidence against him without the grand jury's authorization; (b) the government failed to prove the

2

interstate commerce element of the charges against him; (c) the court lacked jurisdiction to prosecute him because he is a Native American; (d) the magistrate judge was not authorized to accept his guilty plea; (e) he was not provided an opportunity to challenge the individuals selected for the grand jury; (f) the arrest warrants were invalid because they did not contain the magistrate judge's official seal; and (g) the grand jury did not properly record its vote.

The District Court denied the petition, concluding that Banks had not demonstrated that he was entitled to the extraordinary relief provided by either of these writs. The District Court also denied Banks's request for a hearing. Banks timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise de novo review over legal issues arising from the denial of coram nobis and audita querela relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

## III.

A motion to vacate sentence under 28 U.S.C. § 2255 is the presumptive means to collaterally challenge a federal conviction or sentence. See Okereke v. United

States, 307 F.3d 117, 120 (3d Cir. 2002).  Only if § 2255 relief is "inadequate or ineffective" may a petitioner like Banks resort to the All Writs Act, 28 U.S.C. § 1651, which authorizes coram nobis and audita querela relief in the appropriate circumstances.  Because Banks's claims could have been raised on appeal or under § 2255, the writs of coram nobis and audita querela are not available to him.  See Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (explaining that the writ of error coram nobis is appropriate only when sound reasons exist for failing to seek relief earlier); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (explaining that § 2255 is not "inadequate or ineffective" to warrant use of audita querela merely because a petitioner cannot meet the stringent gatekeeping requirements of § 2255).

Accordingly, the District Court properly denied relief.  In light of its disposition of these motions, the District Court also properly denied Banks's requests for a hearing and appointment of counsel and a guardian ad litem.

IV.

For these reasons, we conclude that this appeal presents no substantial question.  Therefore, we will summarily affirm the District Court's orders.  See Third Circuit LAR 27.4 and I.O.P. 10.6.