ALD-138                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3223
_____

UNITED STATES OF AMERICA

v.

GREGORY MAKOZY, SR.,
                                            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:15-cr-00184-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2022
Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: May 16, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gregory Makozy, Sr., proceeding pro se, appeals from an order of the District Court denying his motion for a writ of audita querela. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

## I.

In 2016, Makozy pleaded guilty to concealment of bankruptcy assets. He was sentenced to 30 months' imprisonment and ordered to pay restitution, including to the Internal Revenue Service ("IRS"). Makozy unsuccessfully appealed and moved to vacate his sentence under 28 U.S.C. § 2255. He has also moved, several times, for relief from a civil tax lien obtained by the IRS because of unpaid taxes from the year 2009. The District Court has repeatedly denied relief, reasoning that it lacks authority to order the IRS to remove a civil tax lien that was separate from Makozy's restitution obligation and not part of his criminal bankruptcy fraud case.

Makozy then filed a motion for a writ of audita querela, contending that the IRS, "out of revenge, placed a new $17K lien against [him]," and asking the District Court to "demand the DOJ provide exact proof of the IRS debt owed." See Dkt. #163 at 1-2. He also requested that the criminal charges against him be removed from his record. The District Court denied the motion, and Makozy timely appealed. The Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order. See United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007)

2

(per curiam).  We may take summary action if the appeal presents no substantial question.  3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III.

"The common law writ of audita querela permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment."  Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (internal quotation marks and citation omitted).  It is a limited remedy that "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief."  Id.  But "[w]here a statute specifically addresses the particular issue at hand, it is that authority . . . that is controlling."  Id. (internal quotation marks and citation omitted).

As Makozy has been advised on several occasions, there are civil remedies for the failure to release a lien and unauthorized collection actions provided a plaintiff has first exhausted administrative remedies within the IRS.  See 26 U.S.C. §§ 7432, 7433.  We agree with the District Court that it lacks authority, within the confines of this closed criminal case, to adjudicate Makozy's complaints regarding a civil tax lien imposed by the IRS.[1]  And to the extent that Makozy asked the District Court to remove his criminal

---

[1] Indeed, we already noted as much when Makozy appealed from the denial of one of the various prior motions filed in the District Court challenging the lien.  See United States v. Makozy, C.A. No. 21-2077, ECF #12 (3d Cir. July 30, 2021) (summarily affirming District Court's decision and noting "that there is no question that the District Court lacked the authority within Makozy's criminal proceedings to release the liens that Makozy challenges").

3

charges from the record, he failed to identify any gap in the post-conviction relief system. Makozy has already challenged his conviction through, inter alia, a direct appeal and motion to vacate, and those efforts were unsuccessful.[2]

Accordingly, we will affirm the District Court's judgment.[3]

---

[2] To the extent that Makozy challenges his conviction, he must do so through an authorized successive § 2255 motion. See 28 U.S.C. § 2255(h).

[3] Makozy's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).