10-86-pr
Theodore Persico v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of April, two thousand and eleven.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> > *Circuit Judges*,
> MARK R. KRAVITZ,
> > *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THEODORE PERSICO,

> *Plaintiff-Appellant*,

v.                                                                  No. 10-86-pr

UNITED STATES OF AMERICA,

> *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

1

**FOR APPELLANT:**                                   Theodore Persico, *pro se*, Ayer, MA.

**FOR APPELLEE:**                                    Peter A. Norling and Elizabeth Geddes,
                                                     Assistant United States Attorneys, *of counsel*
                                                     (Loretta Lynch, United States Attorney for
                                                     the Eastern District of New York, *on the brief*),
                                                     Office of the United States Attorney for the
                                                     Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Theodore Persico ("appellant"), proceeding *pro se*, appeals the District Court's judgment denying his petition for a writ of *audita querela*. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, appellant argues that the District Court erred in finding that this Court's holdings in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), were inapplicable to his 60-month consecutive term imprisonment pursuant to 18 U.S.C. § 924(c) for carrying a firearm in connection with a crime of violence.

We review *de novo* a district court's denial of a writ of *audita querela*. *See United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). A writ of *audita querela* is an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a), and is generally limited to cases where "the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." *Id.* Those courts that have analyzed the issue have determined that the writ is generally not available to review a criminal conviction when the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion. *See, e.g., United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079-80 (9th Cir. 2001); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992). Courts have determined that *audita querela* is not available even in those cases where a petitioner is precluded from raising his or her claims in a successive § 2255 motion because a previous § 2255 motion was denied on the merits. *See, e.g., Valdez-Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.").

2

We have indicated that the writ of *audita querela* also "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244 – if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255," *Triestman v. United States*, 124 F.3d 361, 380 n.24 (2d Cir. 1997), and have cited approvingly the relevant jurisprudence of the Third Circuit, which has noted that the writ might be available "'[w]ere no other avenue of judicial review available for a party who claims that [he] is factually or legally innocent as a result of a previously unavailable statutory interpretation,'" *Richter*, 510 F.3d at 104 (*quoting In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)). Here, appellant did not present the type of circumstances in which the application of this unusual form of relief would be appropriate. First, it was not the case that no other avenue of judicial review was available, as his petition clearly falls within the scope of § 2255, as "the proper vehicle for a federal prisoner's challenge to [the imposition of] his . . . sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). The fact that the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, tit. I, § 105, 110 Stat. 1214, 1220 (1996) bars appellant from obtaining relief on his claims in a § 2255 motion is insufficient to render § 2255 an "inadequate or ineffective" remedy. *See Valdez-Pacheco*, 237 F.3d at 1080; *see also Triestman*, 124 F.3d at 376-77. Accordingly, there is no arguable basis for appellant to obtain *audita querela* relief.

Even if *audita querela* relief were available to appellant, appellant's claim would still fail, because the Supreme Court, in *Abbott v. United States*, 131 S. Ct. 18, 23 (2010), expressly overruled our holdings in *Williams* and *Whitley*. *See* 131 S. Ct. at 23 ("We hold . . . that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction.").

### CONCLUSION

We have considered appellant's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3