Legrano v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand thirteen.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> *Circuit Judges*,
> LORETTA A. PRESKA,[*]
> *District Judge*.

_____

JOSEPH LEGRANO,

> *Petitioner-Appellant*,

          v.                                                    No. 11-3936

UNITED STATES OF AMERICA,

> *Respondent-Appellee*.

_____

For Appellant:          Joseph Legrano, *pro se*, Ayer, MA.

For Appellee:          David C. James and Darren LaVerne, Assistant United States

_____

[*] Chief Judge Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Ross, *A.*).

**UPON DUE CONSIDERATION** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the orders of the district court are **AFFIRMED**.

Appellant Joseph Legrano, incarcerated and proceeding *pro se*, appeals from the district court's orders denying his petition for a writ of *audita querela* or *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a), and his motion for reconsideration of that denial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's denial of a writ of *audita querela*. *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). Additionally, we review the denial of a writ of error *coram nobis* for abuse of discretion, but conduct a *de novo* review with respect to whether the district court applied the proper legal standard. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Thus, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* A writ of *audita querela* "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Richter*, 510 F.3d at 104 (internal quotation marks omitted). *Coram nobis* may be used to seek review of a criminal conviction where a motion under section

2

2255 is unavailable because the petitioner is no longer in custody. *See Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). *Coram nobis* is not a substitute for appeal and relief is strictly limited to those cases in which fundamental errors have rendered the prior proceeding invalid. *See Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996).

Here, the writs of *audita querela* and *coram nobis* are not remedies available to Legrano because, as a federal prisoner challenging the legality of his conviction, the relief he seeks is covered by statute; to wit, 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *see also Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) ("[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255."). This conclusion is not undermined by the fact that any future section 2255 motion filed by Legrano must satisfy the threshold requirements applicable to second or successive section 2255 motions, as his first section 2255 motion was denied on the merits. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001) ("Because [a petitioner] could have raised [a particular] claim in his prior § 2255 motion, the mere fact that he is now unable to meet the AEDPA's gate-keeping requirements does not render § 2255 an inadequate or ineffective vehicle for presentation of that claim."); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."); *Persico v. United States*, 418 F. App'x 24, 25-26 (2d Cir. 2011) (summary order) ("Courts have determined that *audita querela* is not available even in those cases where a petitioner is precluded from raising his or her claims in a successive § 2255 motion because a

previous § 2255 motion was denied on the merits."). Thus, Legrano must present his claims in motion for leave to file a successive § 2255 motion.[1]

Finally, we review a district court's denial of a motion for reconsideration for abuse of discretion. *See RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (per curiam). For the reasons discussed above, the district court did not abuse its discretion in denying Legrano's motion for reconsideration. We have considered all of Legrano's remaining arguments and find them to be without merit. Accordingly, the orders of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note, however, that were we to construe Legrano's current petition as such a motion, we would deny relief on the ground that the claims raised in his petition do not rely on any "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or any newly discovered evidence within the meaning of § 2255(h). *See* 28 U.S.C. § 2255(h) (providing that a successive § 2255 motion must rely on newly discovered evidence that would be sufficient to establish the movant's innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court).

4