

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# USA v. Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4437

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Banks" (2006). *2006 Decisions.* Paper 1605.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1605

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-85

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4437
_____

UNITED STATES OF AMERICA

V.

FREDERICK BANKS,

Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Crim. No. 96-cr-00064)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2005

Before: ROTH, FUENTES AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed February 9, 2006)

_____

OPINION

_____

PER CURIAM

　　Frederick Banks appeals an order of the United States District Court for the

Western District of Pennsylvania denying his petition for a writ of error coram nobis.

Because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.

In 1996, Banks pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. The District Court sentenced Banks to four months incarceration at a community correction center, and three years of supervised release. Banks did not file a direct appeal. In 2005, Banks filed a petition for a writ of error coram nobis seeking to vacate his conviction. The District Court denied the petition, and this appeal followed.

The writ of error coram nobis is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer "in custody" for purposes of 28 U.S.C. § 2255. United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989). A petitioner must show that he is suffering from continuing consequences of the allegedly invalid conviction. Id. at 106. Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial, and where sound reasons exist for failing to seek relief earlier. Id. Coram nobis is an extraordinary remedy, and the alleged error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid. Id.

Citing Neder v. United States, 527 U.S. 1 (1999), Banks argues that the Government omitted the element of materiality from the information charging him with mail fraud, and that he was not told about the materiality requirement. As a threshold matter, Banks has not shown that his conviction carries continuing consequences, or that

2

sound reasons exist for his failure to seek relief earlier. On the merits of his claim, the information charges Banks with devising a scheme to defraud and obtain money by means of false and fraudulent pretenses through use of the mail in violation of 18 U.S.C. § 1341. Neder, which held that materiality is an element of the offense of mail fraud, was decided three years after Banks' conviction became final. In any event, the materiality of Banks' misrepresentations is not a question in this case. At the plea hearing, Banks admitted that he operated a company that falsely represented that it located missing persons with a ninety-seven percent success rate, collected fees from customers, and then failed to provide customers with any information. Under these circumstances, the District Court properly denied the petition for a writ of error coram nobis.[1]

Accordingly, we will summarily affirm the District Court's order.[2]

---

[1]The District Court did not address Banks' additional claim that the District Court did not inform him of the minimum penalty for a mail fraud conviction. Coram nobis relief is not warranted on this claim.

[2]We will also deny a certificate of appealability in Banks' separate appeal of the District Court's denial of his motion to vacate sentence (C.A. No. 05-4429).