CLD-081                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3843
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                       Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-96-cr-00064-001)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2016

Before:  FISHER, SHWARTZ and BARRY, Circuit Judges

(Opinion filed January 6, 2017)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Frederick Banks appeals pro se from (1) the District Court's September 8, 2016 order denying his petition for a writ of error coram nobis, and (2) the District Court's October 28, 2016 order denying his related motion to reconsider for lack of jurisdiction. For the reasons that follow, we will summarily affirm the September 8 order, modify the October 28 order, and summarily affirm the latter order as modified.

I.

In 1996, the District Court sentenced Banks to four months' confinement and three years' supervised release following his guilty plea to mail fraud. He did not appeal from that judgment. On September 7, 2016, the District Court received a coram nobis petition from Banks.[1] That petition argued that his conviction should be vacated because (1) Banks's guilty plea was the product of threats and coercion, (2) his plea counsel failed to inform him that he could be fired from his job as a result of his guilty plea, (3) plea counsel failed to file a direct appeal (despite Banks's request that counsel do so), and (4) Banks did not actually violate the mail fraud statute. Banks alleged that he suffers from continuing consequences as a result of his conviction, and that "[s]ound reasons exist for [his] failing to seek relief earlier because [his] case file was never turned over to him by counsel even though he requested it." (Dist. Ct. docket # 50, at 1.) On September 8, 2016, the District Court denied the petition, concluding that Banks "ha[d] not shown

---

[1] Banks filed an earlier coram nobis petition in 2005. The District Court denied that petition, and we summarily affirmed that denial. See United States v. Banks, 165 F.

2

that his conviction carries continuing consequences, or that sound reasons exist for his failure to seek relief earlier." (Dist. Ct. docket # 51, at 2.)

In October 2016, the District Court received from Banks a notice of appeal challenging its September 8 order. Later that month, Banks moved the District Court to reconsider that order. On October 28, 2016 (the same day that this motion was docketed), the District Court issued a text-only order denying reconsideration, stating that it lacked jurisdiction over the motion in light of Banks's pending appeal. A few days later, Banks amended his notice of appeal to include a challenge to the October 28 order.[2]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] In reviewing a district court's denial of coram nobis relief, we apply a de novo standard to that court's legal conclusions and examine its factual findings for clear error. See Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012). We review a district court's denial of a motion to reconsider for abuse of discretion, exercising de novo review over that court's legal conclusions and reviewing its factual findings for clear error. Howard Hess Dental Labs.

_____

App'x 987, 987 (3d Cir. 2006) (per curiam).

[2] When, as here, an appellant challenges an order denying a coram nobis petition, the appeal is treated as one made in a civil action for purposes of Federal Rule of Appellate Procedure 4(a). Fed. R. App. P. 4(a)(1)(C). Accordingly, a 60-day appeal period, which begins to run when the order in question is "entered," governs in this case. See Fed. R. App. P. 4(a)(1)(B). Both Banks's original notice of appeal and his amended notice of appeal were timely filed.

[3] Banks does not need a certificate of appealability to proceed with this appeal. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

3

Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).  We may take summary

action if this appeal fails to present a substantial question.  See 3d Cir. I.O.P. 10.6.

We begin our review with the District Court's September 8 order denying Banks's

coram nobis petition.  "[A] writ of error coram nobis may be used to attack allegedly

invalid convictions which have continuing consequence, when the petitioner has served

his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255."  Mendoza,

690 F.3d at 159 (certain internal quotation marks omitted).  However, the writ is reserved

for "exceptional circumstances" only, United States v. Osser, 864 F.2d 1056, 1059 (3d

Cir. 1988), and it is appropriate only to (1) "correct errors for which there was no remedy

available at the time of trial," and (2) "where 'sound reasons' exist for failing to seek

relief earlier."  Mendoza, 690 F.3d at 159 (quoting United States v. Stoneman, 870 F.2d

102, 106 (3d Cir. 1989)).  The standard for coram nobis is even more stringent than that

used to evaluate § 2255 motions, Stoneman, 870 F.2d at 106, and both we and the

Supreme Court have noted that "it is difficult to conceive of a situation in a federal

criminal case today where a writ of coram nobis would be necessary or appropriate."

Mendoza, 690 F.3d at 159 (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)).

We agree with the District Court that Banks's 2016 petition failed to show that his

case presents exceptional circumstances warranting coram nobis relief.  Even if we were

to assume for the sake of argument that (1) Banks's 1996 conviction still carries

continuing consequences, and (2) his alleged errors could not have been corrected at the

time of his guilty plea (due to the ineffectiveness of his plea counsel), coram nobis relief

4

still would not be warranted here because Banks has not established that "sound reasons" exist for his raising his claims *20 years* after his conviction. Although he contends that he did not have access to his "case file" for some unspecified amount of time, nothing from that file was attached to his coram nobis petition, and he has not otherwise demonstrated that the lack of access to that file prevented him from raising his claims earlier. Because his challenge to the District Court's denial of coram nobis relief presents no substantial question, we will summarily affirm the District Court's September 8 order.

We now turn to the District Court's October 28 order denying Banks's motion to reconsider for lack of jurisdiction. For the reasons that follow, we conclude that the District Court *did* have jurisdiction over that motion. However, as explained below, we also conclude that remand on this point is unnecessary.

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). But when a party timely files a motion to reconsider, the district court retains jurisdiction to decide that motion notwithstanding the filing of the notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i); Lakeside Resort Enters., LP v. Bd. of Supervisors of Palmyra Twp., 455 F.3d 154, 156 n.4 (3d Cir. 2006). For a motion to reconsider to be timely, the motion must be filed within 28 days of the "entry" of the order being challenged. See Fed. R. Civ. P. 59(e). Typically, an order is deemed entered when it is placed on the docket. See Fed. R. Civ.

5

P. 58(c). However, if the order does not satisfy Federal Rule of Civil Procedure 58(a)'s separate document requirement, the order is not deemed entered until 150 days after it is docketed. See Fed. R. Civ. P. 58(c)(2)(B).

Here, the District Court's September 8 order did not satisfy the separate document requirement, for that order is not self-contained and separate from the District Court's accompanying memorandum opinion. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).[4] Accordingly, that order will not be considered entered until 150 days after it was docketed. Banks, of course, filed his motion to reconsider within this 150-day period; therefore, his motion was timely and the District Court should have adjudicated it on the merits rather than denying it for lack of jurisdiction. That said, we see no reason to remand. Banks's motion to reconsider clearly fails as a matter of law, for he has not even come close to meeting the standard for such relief. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (explaining that reconsideration is warranted only if the movant relies on one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice"). Because we may uphold a district court's judgment on any basis supported by the record,

---

[4] The order and the memorandum opinion are contained in a single document titled "Memorandum Order," and these two parts of this document are not separately paginated. See LeBoon, 503 F.3d at 224 (explaining that, "[t]o be independent of the [district] court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately").

see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), we will modify

the District Court's October 28 order so that its denial is *on the merits*, and we will

summarily affirm that order as modified.