NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2775
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                             Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-96-cr-00064-001)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 1, 2018

Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: February 9, 2018)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick Banks appeals the District Court's order denying his petition for a writ of coram nobis. For the reasons below, we will summarily affirm the District Court's judgment.

In 1996, Banks pleaded guilty to one count of mail fraud and was sentenced to four months in prison. He did not file a direct appeal. However, he repeatedly sought to vacate his conviction by filing petitions for coram nobis. In August 2017, Banks once again filed a petition for a writ of coram nobis or audita querela seeking to vacate his 1996 conviction. He contended that his plea was coerced by a postal inspector who informed Banks that if he did not plead guilty that Banks's sentence would be enhanced by the monetary loss involved in his crime.[1] Banks also asserted that his 1996 conviction was used to increase his criminal history category for two subsequent convictions, and he would not have pleaded guilty had he known that could happen. The District Court denied the petition, and Banks filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise de novo review over legal issues arising from the denial of coram nobis and audita querela relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

A writ of coram nobis is available to challenge an invalid conviction with continuing consequences when the petitioner is no longer in custody. Mendoza v. United

---

[1] Banks raised this argument in a prior petition filed in September 2016.

States, 690 F.3d 157, 159 (3d Cir. 2012). However, such relief is only available for errors for which there was no remedy at the time of trial. Id. In addition, sound reasons must exist for the petitioner's failure to seek relief earlier. Id. The Supreme Court has noted, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal alteration omitted).

In affirming the denial of a prior petition for coram nobis, we noted that Banks had not established that sound reasons existed for his failure to raise his claim earlier than twenty years after his guilty plea. See United States v. Banks, No. 16-3843, 674 F. App'x 121, 124-25 (3d Cir. Jan. 6, 2017) (per curiam). This still holds true. Banks has not provided any sound reasons why he could not have brought these arguments earlier. While he argued in the petition at issue here that he could not have raised these arguments earlier because he did not have his case file, we rejected this argument in his prior appeal. "Although he contends that he did not have access to his 'case file' for some unspecified amount of time, nothing from that file was attached to his coram nobis petition, and he has not otherwise demonstrated that the lack of access to that file prevented him from raising his claims earlier." Banks, 674 F. App'x at 124.

Banks also appeared to argue in his petition that the District Court lacked jurisdiction because a Magistrate Judge entered a plea of not guilty for him. However, if

true, this would not undermine his guilty plea, which Banks entered into before a District Court Judge.[2]

While Banks stated in his coram nobis petition that he was seeking a writ of audita querela in the alternative, he correctly noted that audita querela is not applicable because he had not shown how a motion under 28 U.S.C. § 2255 would be inadequate or ineffective. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009).

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. For the reasons set forth above, we will summarily affirm the District Court's August 4, 2017 judgment. See 3d Cir. I.O.P. 10.6. Banks's motion for the appointment of counsel is denied.

---

[2] The electronic docket does not indicate the involvement of a Magistrate Judge in Banks's plea hearings.